UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JORY ANGILERI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:18-cv-50346 |
| ) | |
| ELAN FINANCIAL SERVICES, a division ) | |
| of U.S. Bank, N.A., d/b/a Cardmember Service, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff, JORY ANGILERI ("Plaintiff"), by his attorneys, and hereby alleges the following against ELAN FINANCIAL SERVICES, a division of US Bank, N.A., d/b/a Cardmember Service ("Defendant"):

### Introduction

1. This action is brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act ("Deceptive Business Practices Act"), 815 ILCS 505/1 *et seq.*, and invasion of privacy.

### Jurisdiction and Venue

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227 and 15 U.S.C. § 1692k(d).

3. 28 U.S.C. § 1367 grants supplemental jurisdiction over the claims arising under the Deceptive Business Practices Act and invasion of privacy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions

giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transactions business in this district.

## Parties

5. Plaintiff is a natural person residing in Rockford, Illinois.

6. Plaintiff is a "consumer" and a "person" as defined by 15 U.S.C. § 1692a(3) and 815 ILCS 505/1(c) and (e) of the Deceptive Business Practices Act.

7. Defendant is a business entity that conducts business in the State of Illinois.

8. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant's actions toward Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Factual Allegations

11. Plaintiff obtained a credit card with Elan and another credit card with U.S. Bank.

12. Plaintiff used the credit cards for personal, family, and household purposes, and incurred charges based on his use of the credit cards.

13. Due to economic hardship, Plaintiff became unable to make payments on the credit cards.

14. After he fell behind on payments, Plaintiff began receiving telephone calls from Cardmember Service attempting to collect payment.

15. These calls were placed to telephone number (815) 721-14XX.

16. Telephone number (815) 721-14XX is assigned to Plaintiff's cellular telephone.

17. These calls were for a non-emergency purpose.

18. Upon information and good faith belief, based on the frequency, number, nature and character of these calls, Defendant placed them by using an automatic telephone dialing system.

19. On or about July 19, 2018, Plaintiff spoke with Defendant.

20. Prior to these calls, Plaintiff had not heard of Cardmember Services, did not know who or what it was, or why it would be contacting him.

21. Defendant informed Plaintiff that his Elan account was past due and asked Plaintiff to schedule a payment.

22. During this conversation Plaintiff instructed Defendant to stop calling his cell phone on all accounts, and he provided Defendant with his cell phone number so it could remove the phone number from its outbound calls.

23. Defendant confirmed Plaintiff's cell phone number, that he no longer wanted any phone calls.

24. Defendant failed to inform Plaintiff of its true affiliation with Elan and/or U.S. Bank.

25. Defendant called Plaintiff's cell phone after July 19, 2018.

26. Defendant used an automatic telephone dialing system to call Plaintiff's cell phone after July 19, 2018.

27. Between July 19, 2018 and September 24, 2018, Defendant called Plaintiff's cell telephone at least 121 times.

28. Defendant called Plaintiff multiple times in a single day.

29. Defendant called Plaintiff up to five times in a single day.

30. Defendant did not have Plaintiff's express consent to place these calls using an automatic telephone dialing system.

31. Plaintiff was severely interrupted, unduly inconvenienced, and mercilessly harassed by Defendant's unlawful attempts to collect a debt.

32. Plaintiff felt annoyed and harassed by Defendant disregard of his instruction to stop calling on all accounts and its repeated, and excessive, phone calls.

## Count I
## Telephone Consumer Protection Act

33. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

34. Defendant's actions alleged *supra* constitute numerous violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## Count II
## Fair Debt Collection Practices Act

36. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

37. Defendant's violations of the FDCPA include, but are not limited to, the following:

4

a) 1692d of the FDCPA by engaging in conduct the natural consequence of which is to annoy Plaintiff;

b) § 1692d(6) of the FDCPA by not providing meaningful disclosure of its identity to Plaintiff;

c) § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt;

d) § 1692e(11) of the FDCPA by failing to disclose in its messages that it is a debt collector; and

e) § 1692e(14) of the FDCPA by name other than Defendant's true name.

## Count III
## Illinois Consumer Fraud And Deceptive Business Practices Act

38. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

39. The Deceptive Business Practices Act states:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

40. The Deceptive Business Practices Act also states:

Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper.

5

815 ILCS 505/10a

41. Defendant's attempt to collect a debt is part of the conduct of a trade or commerce.

42. Defendant engaged in an unfair business practice with respect to its telephone collection conduct directed against Plaintiff.

43. It was unfair for Defendant to relentlessly call Plaintiff using an ATDS after Plaintiff instructed Defendant to stop calling him.

44. Defendant also engaged in deceptive conduct by not disclosing Cardmember Services true association with Elan and/or U.S. Bank.

45. Plaintiff has suffered actual damages as a result of Defendant's unlawful conduct.

### Count IV
### Invasion of Privacy

46. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

47. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private concerns and affairs.

48. Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling Plaintiff cell phone after he instructed it to stop.

49. Defendant's conduct resulted in multiple intrusions and invasions of privacy, which would be highly offensive to a reasonable person in that position.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for the following:

a) Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B),

b) Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C),

c) Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k,

d) Costs and reasonable attorneys' fees pursuant to the FDCPA, 15 U.S.C. 1692k,

e) All actual, punitive and other damages to which Plaintiff is entitled;

f) Enjoining Defendant from further contacting Plaintiff;

g) Award reasonable attorneys' fees, litigation expenses and costs; and

h) Any other relief that this Honorable Court deems appropriate.

                                              Respectfully submitted,

Dated: October 26, 2018                /s/ Adam T. Hill
Adam T. Hill
KROHN & MOSS, LTD.
10 N. Dearborn St., 3rd Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-861-1390
ahill@consumerlawcenter.com
Attorneys for Plaintiff